**Kauff McGuire & Margolis LLP**
**950 Third Avenue**
**Fourteenth Floor**
**New York, New York 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH EPSTEIN,<br><br>      Plaintiff,<br><br>    -against-<br><br>THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS BENEFIT FUNDS,<br><br>      Defendant. | ECF CASE<br><br>Index No.  15 Civ. 2866 (PAC) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

TABLE OF FREQUENTLY USED CITATIONS ................................................... vi

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF RELEVANT FACTS ................................................................ 2

LEGAL STANDARD ON A MOTION TO DISMISS ........................................ 4

ARGUMENT ............................................................................................................. 5

I.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF
       CONTRACT. ........................................................................................... 5

II.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST
       ENRICHMENT. ...................................................................................... 9

III.   PLAINTIFF FAILS TO STATE A CLAIM FOR UNLAWFUL WAGE
       DEDUCTIONS IN VIOLATION OF NEW YORK LABOR LAW
       SECTION 193. ........................................................................................ 11

IV.    PLAINTIFF FAILS TO STATE A CLAIM UNDER
       ERISA § 510 ........................................................................................... 13

V.     PLAINTIFF FAILS TO STATE A CLAIM UNDER
       ERISA § 502(a)(1)(B). ......................................................................... 15

       A.     Plaintiff's ERISA § 502(a)(1)(B) Claim Should
              Be Dismissed Because it Is Impermissibly Vague. ...................... 15

       B.     Plaintiff's Employment Agreement is Not a
              Plan Covered By ERISA and Cannot Form the
              Basis for a Claim Under ERISA § 502(a)(1)(B). ........................ 17

       C.     Plaintiff Cannot State a Claim Under
              ERISA § 502(a)(1)(B) Against Any Individual
              ERISA Benefit Plans Because He Has Failed to
              Exhaust His Administrative Remedies Under Such Plans. ......... 18

       D.     Plaintiff's ERISA § 502(a)(1)(B) Claim
              Fails as a Matter of Law Because Plaintiff Is Not Entitled
              to the Benefits He Seeks to Recover in His Complaint. .............. 20

CONCLUSION ....................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Cases

*7-Eleven, Inc. v. Khan,*
   977 F. Supp. 2d 214 (E.D.N.Y. 2013) ............................................................ 7

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................................... 4

*Barbagallo v. Marcum LLP,*
   925 F. Supp. 2d 275 (E.D.N.Y. 2013),
   *aff'd,* 552 Fed. App'x 102 (2d Cir. 2014)..............................................5, 8, 17

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...................................................................................... 4

*Berman v. Tyco Int'l Ltd.,*
   Index No. 604049/2007,
   2015 N.Y. Misc. LEXIS 1344 (Sup. Ct., N.Y. Co. Apr. 15, 2015)...................12

*In re Best Film & Video Corp.,*
   46 B.R. 861 (Bankr. E.D.N.Y. 1985) ............................................................. 8

*Breitman v. Xerox Educ. Servs.,* LLC,
   No. 12-cv-6583,
   2013 U.S. Dist. LEXIS 139613 (S.D.N.Y. Sept. 27, 2013)......................... 7, 9

*Cannon v. First Nat'l Bank,*
   98 A.D.2d 704, 469 N.Y.S.2d 101 (2d Dep't 1983)...................................... 10

*Cereus Prod. Dev., Inc. v. Boom LLC,*
   No. 14-cv-4292,
   2015 U.S. Dist. LEXIS 73503 (S.D.N.Y. June 5, 2015) ...................... 9, 10, 11

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,*
   70 N.Y.2d 382, 516 N.E.2d 190 (1987) ......................................................... 9

*Corsello v. Verizon N.Y., Inc.,*
   18 N.Y.3d 777, 967 N.E.2d 1177 (2012)...................................................... 10

*Coty, Inc. v. L'Oreal S.A.,*
   320 Fed. App'x 5 (2d Cir. 2009)................................................................... 9

4846-9021-5720.3

*Crocco v. Xerox Corp.*,
  137 F.3d 105 (2d Cir. 1998)......................................................................... 16

*DeJesus v. HF Mgmt. Servs., LLC*,
  726 F.3d 85 (2d Cir. 2013).............................................................................. 4

*Dister v. Cont'l Group, Inc.*,
  859 F.2d 1108 (2d Cir. 1988)........................................................................ 14

*Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*,
  111 F.3d 284 (2d Cir. 1997)............................................................................ 5

*Gill v. Acacia Network*,
  No. 13-cv-9088,
  2015 U.S. Dist. LEXIS 34009 (S.D.N.Y. Mar. 18, 2015) ........................16, 18

*Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*,
  756 F.3d 204 (2d Cir. 2014)............................................................................ 5

*Goldberg v. Jacquet*,
  No. 14-cv-1581,
  2015 U.S. Dist. LEXIS 117860 (S.D.N.Y. Aug. 31, 2015) .......................12, 13

*Greifenberger v. Hartford Life Ins. Co.*,
  No. 03-cv-3238,
  2003 U.S. Dist. LEXIS 22810 (S.D.N.Y. Dec. 16, 2003),
  *aff'd*, 131 Fed. App'x 756 (2d Cir. 2005)................................................18, 19

*Haight v. NYU Langone Med. Ctr.*,
  No. 13-cv-04993,
  2014 U.S. Dist. LEXIS 88117 (S.D.N.Y. June 27, 2014) ........................14, 15

*Janover v. Bernan Foods*,
  901 F. Supp. 695 (S.D.N.Y. 1995) ............................................................... 18

*Kesselman v. Rawlings Co., LLC*,
  668 F. Supp. 2d 604 (S.D.N.Y. 2009) ......................................................... 19

*Laverty v. Savoy Indus.*,
  954 F. Supp. 86 (S.D.N.Y. 1997)...................................................................17

*Leonelli v. Pennwalt Corp.*,
  887 F.2d 1195 (2d Cir. 1989) ...................................................................... 16

*Marshall v. Hyundai Motor Am.*,
  51 F. Supp. 3d 451 (S.D.N.Y. 2014)...............................................................11

iii

*Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.,*
  500 F.3d 171 (2d Cir. 2007) ...................................................................... 5

*Miller v. Wells Fargo Bank, N.A.,*
  994 F. Supp. 2d 542 (S.D.N.Y. 2014) ........................................................ 7

*Monagle v. Scholastic, Inc.,*
  No. 06-cv-14342,
  2007 U.S. Dist. LEXIS 19788 (S.D.N.Y. Mar. 9, 2007)........................... 12, 13

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,*
  723 F.3d 192 (2d Cir. 2013) ....................................................................... 4

*New York State Psychiatric Ass'n v. UnitedHealth Grp.,*
  No. 14-cv-20,
  2015 U.S. App. LEXIS 14641 (2d Cir. Aug. 20, 2015) ............................... 16

*Niblo v. UBS Global Asset Mgmt. (Americas),*
  No. 11-cv-4447,
  2012 U.S. Dist. LEXIS 189204 (S.D.N.Y. Mar. 21, 2012),
  *aff'd,* 489 Fed. App'x 518 (2d Cir. 2012) .......................................... 13, 15, 19

*O'Grady v. BlueCrest Capital Mgmt. LLP,*
  No. 15-cv-1108,
  2015 U.S. Dist. LEXIS 77187 (S.D.N.Y. June 15, 2015)........................... 12, 13

*Pani v. Empire Blue Cross Blue Shield,*
  152 F.3d 67 (2d Cir. 1998) .......................................................................... 6

*Parsons v. AT&T Pension Ben. Plan,*
  No. 06-cv-552,
  2006 U.S. Dist. LEXIS 93135 (D. Conn. Dec. 22, 2006) ........................... 14

*Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy,*
  449 Fed. App'x 57 (2d Cir. 2011) ............................................................... 9

*Quigley v. Citigroup Supplemental Plan for Shearson Transfers,*
  No. 09-cv-8944,
  2011 U.S. Dist. LEXIS 32750 (S.D.N.Y. Mar. 29, 2011),
  *aff'd,* 520 Fed. App'x 15 (2d Cir. 2013)...................................................... 20

*Sandberg v. KPMG Peat Marwick, LLP,*
  111 F.3d 331 (2d Cir. 1997)................................................................... 13, 14

*Schnall v. HSBC Bank Nev., N.A.,*
  No. 11-cv-8942,
  2013 U.S. Dist. LEXIS 37148 (S.D.N.Y. Mar. 18, 2013) ............................. 6

iv

*Smith v. Kirkpatrick,*
   305 N.Y. 66 (1953) ............................................................................................... 10

*Southland Corp. v. Froelich,*
   41 F. Supp. 2d 227 (E.D.N.Y. 1999) ............................................................ 8

*Thompson v. Deutsche Bank Trust Corp.,*
   No. 13-cv-1516,
   2014 U.S. Dist. LEXIS 19386 (S.D.N.Y. Feb. 14, 2014) ........................... 19

*Tobias v. Notations, Inc.,*
   No. 14-cv-08494,
   2015 U.S. Dist. LEXIS 101968 (S.D.N.Y. July 20, 2015) .......................... 11

*Weir v. Holland & Knight,*
   No. 05-cv-9358,
   2007 U.S. Dist. LEXIS 45822 (S.D.N.Y. June 25, 2007) ........................... 14

*Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,*
   No. 99-cv-11042,
   2004 U.S. Dist. LEXIS 26070 (S.D.N.Y. Dec. 28, 2004),
   *aff'd*, 173 Fed. App'x 936 (2d Cir. 2006) ........................................... 17, 20

## Statutes and Rules

ERISA § 204 .......................................................................................................... 14

ERISA § 502 ................................................................................................... *passim*

ERISA § 510 ................................................................................................... *passim*

N.Y. Lab. Law § 193 ..................................................................................... *passim*

N.Y. Lab. Law § 198-c ................................................................................. *passim*

Fed. R. Civ. P. 8 ...................................................................................................... 9

Fed. R. Civ. P. 12 .......................................................................................... *passim*

v

## TABLE OF FREQUENTLY USED CITATIONS

Citations to "Defendant" refer to the New York City District Council of Carpenters Welfare Fund (improperly named as "The New York City District Council of Carpenters Benefit Funds").

Citations to "Plaintiff" refer to plaintiff Joseph Epstein.

Citations to "O'Leary Declaration" or "O'Leary Decl." refer to the Declaration of Elizabeth O'Leary, executed on October 2, 2015, submitted herewith.

Citations to "Complaint" or "Compl." refer to the First Amended Complaint filed by Plaintiff dated September 9, 2015.  A copy of the Complaint is attached as Exhibit A to the O'Leary Declaration.

Citations to "Fed. R. Civ. P." refer to the Federal Rules of Civil Procedure.

Citations to "ERISA" refer to the Employee Retirement Income Security Act of 1974.

4846-9021-5720.3

Defendant submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Plaintiff has failed to state any claim upon which relief may be granted.

## PRELIMINARY STATEMENT

Contrary to the allegations in Plaintiff's Complaint, he is not entitled to the six months of severance and benefits set forth in his employment agreement for a termination Without Cause under any theory of recovery.

Indeed, Plaintiff's breach of contract claim seeking this severance and these benefits should be dismissed because the federal court-appointed Review Officer overseeing Defendant investigated Plaintiff for misconduct and called for his termination.  This provided Cause for Plaintiff's termination and excused Defendant from providing any payments or benefits under the employment agreement for a termination Without Cause.  Plaintiff's second claim, for unjust enrichment, seeks the same relief as his breach of contract claim, and should therefore be dismissed as duplicative.

Plaintiff's third claim, attempting to recover the same severance under New York Labor Law Section 193, should be dismissed because: (a) severance is a wage supplement (as defined in Section 198-c), and executives such as Plaintiff are precluded from recovering on claims for wage supplements under Section 198-c; and (b) Section 193 addresses only deductions from wages, and not the complete failure to pay disputed amounts, as Plaintiff has alleged in this case.

Plaintiff's fourth and fifth claims to recover benefits under ERISA §§ 502(a)(1)(B) and 510 should be dismissed as a matter of law because they are wholly conclusory and Plaintiff fails to plead sufficient facts in support of these claims to

survive a motion to dismiss.  Plaintiff's ERISA § 510 claim is also barred by the statute of limitations.

Plaintiff's Complaint is therefore wholly deficient, and should be dismissed in its entirety as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF RELEVANT FACTS

Defendant is one of the multi-employer benefit plans that provides benefits to participants and retirees who work under collective bargaining agreements between the New York City and Vicinity District Council of the United Brotherhood of Carpenters and Joiners of America and contributing employers.  Plaintiff was employed by Defendant, and served as Executive Director for Defendant and several other New York City District Council of Carpenters benefit funds from July 2011 to July 22, 2012. (Compl. ¶ 2.)[1]

Plaintiff's employment agreement provided that, in the event he was terminated "Without Cause", he would (a) receive severance in an amount equal to six months of wages, and (b) would be eligible to continue his current benefits for a period of six months.  (Compl. ¶¶ 18-19; O'Leary Decl., Ex. B, ¶ 8.)[2]  "Cause" was defined in the agreement as:

> (a) Employee's conviction of a felony crime; (b) Employee's participation in a fraud or act of dishonesty against the Funds that adversely affects the Funds in a material way; or (c) Employee's willful breach of the Funds' policies, procedures, requirements or obligations that adversely affects the Funds in a material way; or (d) Employee's failure

---

[1] Although the Court is required to treat Plaintiff's allegations as true for the purpose of this motion to dismiss, Defendant's recitation of Plaintiff's allegations in this motion is not an admission of the veracity of such allegations.

[2] A copy of Plaintiff's employment agreement is attached to the O'Leary Declaration as Exhibit B.  This document may be considered on a motion to dismiss because it is referenced in Plaintiff's Complaint.  (*See* Footnote 5, *infra*.)

> or refusal to perform the responsibilities of the Executive
> Director; provided, however, that the action or conduct
> described in clauses (b), (c) and (d) shall constitute 'Cause'
> only if such action or conduct continues after the Funds have
> provided Employee with written notice thereof and a
> reasonable opportunity of not less than thirty (30) days to
> cure such action or conduct.

(Compl. ¶ 16; O'Leary Decl., Ex. B, ¶ 6.)

On July 22, 2012, Plaintiff alleges that Defendant advised him that it was terminating his employment due to his misconduct. (Compl. ¶ 22.) Indeed, Plaintiff was terminated because, *inter alia*, he engaged in credit card and expense reimbursement abuse, which led the federal court-appointed Review Officer for the Benefit Funds (among others) to call for his termination. (O'Leary Decl., Ex. C.)

On April 14, 2015, Plaintiff filed this action, and on September 9, 2015, Plaintiff amended his claims (following the parties' pre-motion conference with the Court on August 4, 2015). (ECF Docket Nos. 1, 11.) Plaintiff asserts in his Complaint that his termination should be deemed a termination Without Cause under his employment agreement because Defendant did not: (a) terminate him for a reason constituting Cause under the agreement; or (b) provide him with notice and an opportunity to cure, as required under his agreement for a termination for Cause. (Compl. ¶¶ 21-25.) Plaintiff therefore seeks to recover the six months of severance and benefits he claims would have been due to him for a termination Without Cause under his agreement under theories of: (I) breach of contract; (II) unjust enrichment; (III) unlawful wage deductions in violation of New York Labor Law Section 193; (IV) unlawful interference with benefits in violation of ERISA § 510, 29 U.S.C. § 1140; and (V) failure to pay benefits in violation of ERISA § 502, 29 U.S.C. § 1132. (Compl. ¶¶ 33-68.) Plaintiff's claims, however, are meritless and his Complaint should be dismissed

4846-9021-5720. 3

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim upon which relief may be granted.

## LEGAL STANDARD ON A MOTION TO DISMISS

At the pre-answer stage, a Court may dismiss a plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) if the plaintiff fails to state a claim upon which relief may be granted.  While a Court must accept at this stage "all the factual allegations in the complaint as true and draw[] all reasonable inferences in favor of the plaintiff," the "'complaint must [nonetheless] contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (further quotations and citations omitted) (second alteration in original).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Id.*

Moreover, "[t]o be plausible, the complaint need not show a probability of plaintiff's success, but it must evidence more than a mere possibility of a right to relief." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013) (citing *Iqbal*, 556 U.S. at 678 and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, to survive a motion to dismiss, a Complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal* at 678.

## ARGUMENT

## I.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.

Plaintiff's breach of contract claim should be dismissed as a matter of law because Plaintiff engaged in behavior that constituted Cause under his employment agreement, thereby excusing Defendant from any obligation it may have had to pay Plaintiff the severance and benefits he seeks to recover for a termination Without Cause.

Indeed, "'[u]nder New York law, a party's performance under a contract is excused where the other party has substantially failed to perform its side of the bargain or, synonymously, where that party has committed a material breach.'" *Barbagallo v. Marcum LLP*, 925 F. Supp. 2d 275, 287 (E.D.N.Y. 2013), *aff'd*, 552 Fed. App'x 102 (2d Cir. 2014) (quoting *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 186 (2d Cir. 2007)) (further citation omitted).  "A breach is material in New York if it 'go[es] to the root of the agreement between the parties.'" *Id.*, 925 F. Supp. 2d at 287 (quoting *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997)) (further quotation omitted) (alteration in original).  Moreover, "New York common law will not require strict compliance with a contractual notice-and-cure provision if providing an opportunity to cure would be useless, or if the breach undermines the entire contractual relationship such that it cannot be cured." *Giuffre Hyundai, Ltd. v. Hyundai Motor Am.*, 756 F.3d 204, 209 (2d Cir. 2014).

In this case, (1) Defendant was subject to oversight by a federal court-appointed Review Officer, and (2) the Review Officer (as well as Defendant) conducted an investigation into Plaintiff's activities, and found that Plaintiff had engaged in credit card and expense reimbursement abuse, among other offenses, which led to "[t]he

necessity of his dismissal." (O'Leary Decl., Ex. C.)[3]  This scenario constitutes "Cause" and a material breach by Plaintiff of his employment agreement, because, in light of the judicial supervision of Defendant's actions at that time, the fact that the court-appointed Review Officer investigated Plaintiff and found he engaged in unethical misconduct completely undermined Plaintiff's ability to continue in the role of Executive Director. (*See* Compl. ¶ 16 (Cause includes "Employee's failure . . . to perform the responsibilities of the Executive Director"); *see also* O'Leary Decl., Ex. B, ¶ 6.)[4]

Indeed, Plaintiff's credit card and expense reimbursement abuse identified by the Review Officer violated Defendant's Fraud, Criminal Acts, Dishonesty, Financial Control Violations and Internal Investigations Policy (included within its Compliance Ethics Program), which defines "Wrongful Conduct" to include "misappropriation of the Funds' assets" and "questionable accounting or auditing practices" and states that "[e]xamples of fraudulent and other dishonest" acts "and violations of the Funds' controls" include "[q]uestionable accounting, auditing, financial reporting or compliance matters." (O'Leary Decl., Ex. D.)[5]  Plaintiff's actions therefore constituted

---

[3] The Review Officer's findings are included in his Fifth Interim Report in the action in which the Review Officer was appointed: *United States v. Dist. Council of N.Y. City and Vicinity of the United Bhd. of Carpenters and Joiners of Am.*, 90 Civ. 5722 (RMB) (S.D.N.Y) (Docket No. 1206.)  The fact that these findings were made may therefore be considered as part of this motion because the Court may take judicial notice of matters of public record on a motion to dismiss.  *See Schnall v. HSBC Bank Nev., N.A.*, No. 11-cv-8942, 2013 U.S. Dist. LEXIS 37148, at *8 (S.D.N.Y. Mar. 18, 2013) (Crotty, J.) ("'It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6).'") (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).)

[4] If this claim survives this motion to dismiss, Defendant will also prove through discovery that the Review Officer investigated Plaintiff's inappropriate business transactions with a vendor and was so concerned about the results of this investigation that "the results of the investigation were reported to law enforcement."  (O'Leary Decl., Ex. C.)  This provides yet another basis for denying Plaintiff's breach of contract claim.

[5] This policy may be considered as part of this motion to dismiss because it is referenced in Plaintiff's complaint, as the Complaint recites the Cause provision in his employment

4846-9021-5720. 3

"participation in . . . [an] act of dishonesty against the Funds that adversely affects the Funds in a material way" and a "willful breach of the Funds' policies, procedures, requirements or obligations that adversely affects the Funds in a material way," i.e., other bases for a Cause termination under the employment agreement.  (*See* Compl. ¶ 16; O'Leary Decl., Ex. B, ¶ 6.)[6]

Further, in light of the Review Officer's investigation, it would have been fruitless for Defendant to provide Plaintiff notice and an opportunity to cure his misconduct.  Defendant was therefore excused from complying with the notice and cure provisions in the employment agreement.  *See Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542, 552 n.6 (S.D.N.Y. 2014) (excusing failure to comply with notice and cure provision because "a party need not provide notice of and an opportunity to cure a breach when doing so would be futile"); *see also 7-Eleven, Inc. v. Khan*, 977 F. Supp. 2d 214, 230 (E.D.N.Y. 2013) ("Courts in this district have held that the reason a party is entitled to rescind an agreement despite the cure provision is found in the common law principle that holds that a material breach that goes to the root of the matter or the essence of the contract constitutes a ground for rescission without opportunity to cure.") (quotation and citations omitted).

---

agreement, which incorporates Defendant's policies.  *See Breitman v. Xerox Educ. Servs.*, LLC, No. 12-cv-6583, 2013 U.S. Dist. LEXIS 139613, at *4-5 (S.D.N.Y. Sept. 27, 2013) (Crotty, J.) (when deciding a motion to dismiss, courts "may also consider documents attached to the complaint or incorporated into it by reference, any documents that are integral to the Plaintiff's allegations even if not explicitly incorporated by reference, and facts of which the Court may take judicial notice.") (quotations and citations omitted).

[6] While the Review Officer noted in his report that the "sum total of the credit card expenditures" was "around $2,000", an amount that "did not materially harm the Funds" (*see* O'Leary Decl., Ex. C), the absence of a financial loss to Defendant does not mean that Plaintiff's actions did not have a material impact on Defendant.  Indeed, Defendant was seriously and materially harmed by Plaintiff's actions because his conduct prompted an investigation by the Review Officer and the Review Officer called for Plaintiff's termination.  (*See* Section I.)

This Court should therefore find that Plaintiff materially breached his employment agreement, was terminated for Cause, and fails to state a claim for the severance and benefits he claims are due under the agreement for a termination Without Cause.  *See Barbagallo*, 925 F. Supp. 2d at 292 ("[Plaintiff's] material breach of the employment agreement on August 9, 2010 terminated the contract as of that date, excusing [Defendant] from performing any continuing obligations under their Agreement."); *see also Southland Corp. v. Froelich*, 41 F. Supp. 2d 227, 247 (E.D.N.Y. 1999) (holding that, where a party engaged in a scheme to under-report revenue to a franchisor, "the nature of the breaches . . . are such that the relationship between [Franchisor and Franchisee] has been altered irrevocably and cannot be revived. [Franchisor] has been deprived of its contractual right to receive the fruits of [its] contract . . . [and] was entitled to terminate the agreement, without opportunity to cure . . . ."); *In re Best Film & Video Corp.*, 46 B.R. 861, 875 (Bankr. E.D.N.Y. 1985) (holding breaching party's unauthorized distribution of a film, which destroyed the market for the film, constituted a "vital breach" because there was nothing that could "recall that act or change its consequences" and it therefore "gave [the non-breaching party] the right to rescind the contract, even if there had been no right of termination at all under the contract.  That there was such a right imposed no limitation on rescission under general contract principles").

## II.      PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

Plaintiff's unjust enrichment claim should also be dismissed as a matter of law because it is duplicative of his breach of contract claim.

"Under New York law, for a plaintiff to prevail on a claim of unjust enrichment, he must establish (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Breitman,* 2013 U.S. Dist. LEXIS 139613, at *12 (quotation and citation omitted).  "'However, it is black-letter law in New York that recovery . . . [for] unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract.'" *See Coty, Inc. v. L'Oreal S.A.*, 320 Fed. App'x 5, 6-7 (2d Cir. 2009) (summary order) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388-89, 516 N.E.2d 190, 193 (1987)) (further citation omitted).  Indeed, "'when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in . . . unjust enrichment . . . are generally precluded, unless based on a duty independent of the contract.'" *Breitman,* 2013 U.S. Dist. LEXIS 139613, at *12-13 (quoting *Poplar Lane Farm LLC v. Fathers of Our Lady of Mercy*, 449 Fed. App'x 57, 59 (2d Cir. 2011)). Moreover, while plaintiffs in federal court are permitted to plead alternative theories of recovery pursuant to Fed. R. Civ. P. 8, "alternative pleadings of an unjust enrichment claim are only allowed where there is a bona fide dispute as to whether a relevant contract exists"; if "the parties do not dispute the existence or enforceability of the contract . . . the unjust enrichment claim is simply duplicative of the breach of contract claim" and "is precluded".  *Cereus Prod. Dev., Inc. v. Boom LLC*, No. 14-cv-4292, 2015

4846-9021-5720. 3

U.S. Dist. LEXIS 73503, at *22-23 (S.D.N.Y. June 5, 2015) (quotations and citations omitted) (Crotty, J.)[7]

Here, Plaintiff is seeking to recover, under a theory of unjust enrichment, the severance and benefits he would have received if he had been terminated Without Cause under his employment agreement.  (Compl. ¶¶ 39-41.)  This claim is duplicative of Plaintiff's breach of contract claim and should therefore be dismissed as a matter of law. (*Compare* Compl. ¶¶ 39-41, *with* Compl. ¶¶ 33-38); *see Cereus*, 2015 U.S. Dist. LEXIS 73503, at *23 (dismissing unjust enrichment claim pursuant to Fed. R. Civ. P. 12(b)(6) because it "is simply duplicative of the breach of contract claim").

Moreover, Plaintiff cannot save this claim from dismissal with his allegation that this claim is pled "in the alternative, in the event that Defendant denies the validity of the Agreement alleged herein and/or the Court finds the same to be invalid." (*See* Compl. ¶ 40.)  "[U]njust enrichment is not a catchall cause of action to be used when others fail." *Corsello*, 18 N.Y.3d at 790, 967 N.E.2d at 1185.  Further, the severance and benefits that Plaintiff seeks to recover are a creature of his employment agreement.  Plaintiff has no independent right to this payment and benefits absent his

---

[7] In Plaintiff's response to Defendant's pre-motion conference letter, he argued that the New York State Court of Appeals has held that "'where a litigant fails to establish the right to recover upon an express contract he may, in the same action, recover in quantum meruit'" and an election of remedies "'need not be made.'" (*See* ECF Doc. No. 6 (quoting *Smith v. Kirkpatrick*, 305 N.Y. 66, 73 (1953), *rev'd, in part, on other grounds by O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358, 445 N.Y.S.2d 687 (1981)).)  Subsequent decisions applying this case have held that an employee may only proceed with both a quantum meruit/unjust enrichment claim and breach of contract claim if the subject of the quantum meruit/unjust enrichment claim is not covered by the contract, an issue that does not exist in this case. *See, e.g., Cannon v. First Nat'l Bank*, 98 A.D.2d 704, 705, 469 N.Y.S.2d 101, 103 (2d Dep't 1983).  Moreover, the New York State Court of Appeals more recently issued a decision that explicitly supports Defendant's argument that a duplicative unjust enrichment claim must be dismissed. *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 967 N.E.2d 1177, 1185 (2012) ("[U]njust enrichment is not a catchall cause of action to be used when others fail . . . . An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.") (citations omitted).

4846-9021-5720. 3

employment agreement, and there is therefore no basis for recovering such amounts under a theory of unjust enrichment.  *See Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 471 (S.D.N.Y. 2014) ("The theory of unjust enrichment . . . is an obligation the law creates in the absence of any agreement. . . . . Thus, when a matter is controlled by contract, the plaintiff has no valid claim for unjust enrichment under New York law.") (quotations and citations omitted); *see also Cereus* at *22-23 (dismissing unjust enrichment claim as duplicative where dispute was "rooted in" the parties' contract).

Plaintiff therefore fails to state any claim for relief under a theory of unjust enrichment, and this claim should be dismissed as a matter of law.  *See Tobias v. Notations, Inc.*, No. 14-cv-08494, 2015 U.S. Dist. LEXIS 101968, at *11 (S.D.N.Y. July 20, 2015) ("Plaintiff alleges the existence of a valid, express employment contract governing her terms of compensation . . . . Plaintiff's unjust enrichment claim, therefore, cannot survive" Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss.)

## III.   PLAINTIFF FAILS TO STATE A CLAIM FOR UNLAWFUL WAGE DEDUCTIONS IN VIOLATION OF NEW YORK LABOR LAW SECTION 193.

Plaintiff's third cause of action, for unlawful wage deductions in violation of New York Labor Law Section 193, should also be dismissed as a matter of law because Plaintiff has not identified a single deduction that has been made from his wages.

Indeed, Plaintiff merely asserts "Defendant has unlawfully deducted six months of wages owed to Plaintiff" and refers to the six months of severance that would have been paid under paragraph 8 of his employment agreement if he was terminated Without Cause under the agreement.  (Compl. ¶¶ 45, 49.)  Severance, however (a) is defined as a wage supplement under New York Labor Law Section 198-c, and (b) executives such as Plaintiff (i.e., the Executive Director) are excluded from coverage

4846-9021-5720. 3

under Section 198-c.  *See* N.Y. Lab. Law § 198-c(2) ("[T]he term 'benefits or wage supplements' includes, but is not limited to reimbursement for expenses; health, welfare, and retirement benefits; and vacation, separation or holiday pay."); N.Y. Lab. Law § 198-c(3) ("This section shall not apply to any person in a bona fide executive . . . capacity whose earnings are in excess of nine hundred dollars a week.")[8]  Plaintiff therefore cannot state a claim for failure to pay severance (or benefits) under the New York Labor Law.  *See Monagle v. Scholastic, Inc.*, No. 06-cv-14342, 2007 U.S. Dist. LEXIS 19788, at *6-7 (S.D.N.Y. Mar. 9, 2007) (dismissing severance pay claim because plaintiff was an executive excluded from coverage under Section 198-c); *see also Berman v. Tyco Int'l Ltd.*, Index No. 604049/2007, 2015 N.Y. Misc. LEXIS 1344, at *21-22 (Sup. Ct., N.Y. Co. Apr. 15, 2015) (same).

Moreover, even assuming *arguendo* that Plaintiff's severance was considered wages, the majority of courts in this district hold that a total withholding of wages, as Plaintiff has alleged here, is not actionable under Section 193, as this section addresses only a reduction or docking of wages.  *See Goldberg v. Jacquet*, No. 14-cv-1581, 2015 U.S. Dist. LEXIS 117860, at *5 (S.D.N.Y. Aug. 31, 2015) (Crotty, J.) ("[T]he majority, and more persuasive, interpretation of § 193 is that it has nothing to do with failure to pay wages or severance benefits, governing instead the specific subject of making deductions from wages.") (quotations and citations omitted) (collecting cases); *see also O'Grady v. BlueCrest Capital Mgmt. LLP*, No. 15-cv-1108, 2015 U.S. Dist. LEXIS 77187, at *22 (S.D.N.Y. June 15, 2015) ("[Plaintiff's] section 193 claim fails

---

[8] Plaintiff's salary exceeded the required amount for the executive exclusion.  (*See* Comp. ¶ 20.)
4846-9021-5720. 3

because section 193 applies to amounts *deducted* from wages, not *unpaid* wages and severance, which is alleged here.") (emphasis in original).

Plaintiff's claim that he was not paid any of the six months of "wages" he claims are due to him therefore fails to state a claim under Section 193 or Section 198-c of the New York Labor Law, and should be dismissed as a matter of law.  *See Monagle,* 2007 U.S. Dist. LEXIS 19788, at *6-7; *see also Goldberg*, 2015 U.S. Dist. LEXIS 117860, at *5-6; *O'Grady,* 2015 U.S. Dist. LEXIS 77187, at *22.

## IV.      PLAINTIFF FAILS TO STATE A CLAIM UNDER ERISA § 510.

Plaintiff's ERISA § 510 claim should be dismissed because: (A) it is barred by the statute of limitations; and (B) it is wholly conclusory, as Plaintiff has failed to allege any facts in support of this claim.

ERISA § 510 provides, in relevant part, that it "shall be unlawful for any person to discharge, . . . or discriminate against a participant . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140.  The Second Circuit Court of Appeals has held that a two-year statute of limitations applies to claims under ERISA § 510.  *See Sandberg v. KPMG Peat Marwick, LLP*, 111 F.3d 331, 333, 336 (2d Cir. 1997) (holding that, since Congress did not include a statute of limitations for ERISA § 510, courts must apply the statute of limitations for the most analogous state-law cause of action, which in New York is the two-year statute of limitations for a retaliation claim under N.Y. Workers' Comp. Law Section 120); *see also Niblo v. UBS Global Asset Mgmt. (Americas)*, No. 11-cv-4447, 2012 U.S. Dist. LEXIS 189204, at *15-16 (S.D.N.Y. Mar. 21,

2012), *aff'd*, 489 Fed. App'x 518 (2d Cir. 2012) (same).[9]  Here, Plaintiff was terminated on July 22, 2012, and did not file this lawsuit until more than two years and eight months later, on April 14, 2015.  (*See* Compl. ¶ 2; ECF Docket No. 1.)  Plaintiff's ERISA § 510 claim is therefore untimely and should be dismissed as a matter of law.  *See Weir v. Holland & Knight,* No. 05-cv-9358, 2007 U.S. Dist. LEXIS 45822, at *4-6 (S.D.N.Y. June 25, 2007) (applying *Sandberg v. KPMG Peat Marwick, LLP* and granting motion to dismiss because Plaintiff failed to bring his ERISA § 510 claim within two years of his termination of employment).

Moreover, even assuming *arguendo* that Plaintiff's ERISA § 510 claim was timely filed, it should still be dismissed as a matter of law because is it wholly conclusory.  Indeed, "'[a]n essential element of plaintiff's proof under the statute is to show that an employer was at least in part motivated by the specific intent to engage in activity prohibited by § 510'. . . . Therefore, a claim fails 'where the loss of pension benefits was a mere consequence of, but not a motivating factor behind, a termination of employment.'" *Haight v. NYU Langone Med. Ctr.*, No. 13-cv-04993, 2014 U.S. Dist. LEXIS 88117, at *43 (S.D.N.Y. June 27, 2014) (quoting *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988).).

Here, Plaintiff fails to allege any facts regarding the motivation for his termination, let alone facts from which the Court could infer that his termination was

---

[9] In Plaintiff's pre-motion conference letter, he cited the case of *Parsons v. AT&T Pension Ben. Plan*, No. 06-cv-552, 2006 U.S. Dist. LEXIS 93135, at *5 (D. Conn. Dec. 22, 2006) for the proposition that a six-year statute of limitations should apply to his ERISA § 510 claims.  (ECF Doc. No. 6.)  That case, however, did not involve an ERISA § 510 claim.  Instead, it involved claims challenging the cash balance formulae of various pension benefit plans merged into the defendants' plan as age discriminatory under ERISA § 204(b)(1)(H).  *See id.*  That case should therefore be given no consideration with respect to the applicable statute of limitations under ERISA § 510.

4846-9021-5720. 3

motivated by the desire to deprive him of employee benefits under the terms of an employee benefit plan (indeed, he does not even identify the specific plans under which he was allegedly denied benefits).  Instead, Plaintiff merely relies on threadbare allegations such as "[t]he action of Defendant, terminating Plaintiff's employment, was in whole or in part, for the purpose of interfering with his attainment of the rights and/or benefits to which he was and/or would have become entitled under the Plan." (*See* Compl. ¶ 64.)  These allegations are purely conclusory and merely recite a portion of the elements of an ERISA § 510 cause of action.  They are therefore wholly insufficient to state a claim, and should be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).  *See Haight*, 2014 U.S. Dist. LEXIS 88117, at *43 (dismissing ERISA § 510 claim pursuant to Fed. R. Civ. P. 12(b)(6) because "[t]he Complaint simply states in a conclusory manner that [Defendant] intended to deprive Plaintiff of ERISA protected benefits and alleges that she was fired shortly before the vesting of her pension" and therefore "does not allege sufficient facts to state a plausible claim" under ERISA § 510); *see also Niblo*, 2012 U.S. Dist. LEXIS 189204, at *13-14, 14 n.1 (same).

## V.   **PLAINTIFF FAILS TO STATE A CLAIM UNDER ERISA § 502(a)(1)(B).**

Plaintiff's ERISA § 502(a)(1)(B) claim should also be dismissed as a matter of law because it is vague and conclusory, and Plaintiff has failed to plead any facts in support of this claim.

### A.   **Plaintiff's ERISA § 502(a)(1)(B) Claim Should Be Dismissed Because it Is Impermissibly Vague.**

Under ERISA § 502(a)(1)(B), "[a] civil action may be brought -- by a participant or beneficiary -- to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits

under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).[10]  However, in claims brought under this provision, "'only the plan and the administrators and trustees of the plan in their capacity as such may be held liable.'" *Gill v. Acacia Network*, No. 13-cv-9088, 2015 U.S. Dist. LEXIS 34009, at *14 (S.D.N.Y. Mar. 18, 2015) (quoting *Crocco v. Xerox Corp.*, 137 F.3d 105, 107 (2d Cir. 1998)).[11]

Here, Plaintiff does not assert his claims against any specific benefit plans, trustees or administrators, or even identify the plans and benefits that are the subject of his claims.  His ERISA § 502(a)(1)(B) claim is therefore too vague to state a plausible claim for relief.  *See Gill,* 2015 U.S. Dist. LEXIS 34009, at *15 (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss ERISA § 502(a)(1)(B) claim because "plaintiffs fail to identify a specific plan eligible for ERISA benefits, or any facts plausibly demonstrating that [defendants] were the administrator or trustee of any such plan. Plaintiffs' conclusory allegations regarding these corporate defendants' ERISA liability cannot survive the instant motions to dismiss . . . ."); *see also Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989) (affirming rejection of proposed amendment to complaint to include claim under ERISA § 502(a)(1)(B) because *inter alia* the plaintiff failed to assert the claim against a plan, administrator or trustee and "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be

---

[10] Plaintiff does not identify in his Complaint the specific subsection of ERISA § 502 under which he asserts his claims.  However, based on the nature of his claims (i.e., he asserts Defendant failed to provide plan benefits), the only possible provision under which he could be suing is ERISA § 502(a)(1)(B).

[11] The Second Circuit Court of Appeals also recently held that ERISA § 502(a)(1)(B) claims may be brought against claim administrators under certain circumstances.  *See New York State Psychiatric Ass'n v. UnitedHealth Grp.*, No. 14-cv-20, 2015 U.S. App. LEXIS 14641, at *11-13 (2d Cir. Aug. 20, 2015).  This decision, however, has no bearing in this action, as Plaintiff has not identified any claim administrator that denied his claim or asserted claims against such entity.

held liable") (citation omitted); *see also Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, No. 99-cv-11042, 2004 U.S. Dist. LEXIS 26070, at *32 (S.D.N.Y. Dec. 28, 2004), *aff'd*, 173 Fed. App'x 936 (2d Cir. 2006) (plaintiff conceded ERISA § 502(a)(1)(B) claim was not viable where it was merely brought against the employer).

**B.    Plaintiff's Employment Agreement is
Not a Plan Covered By ERISA and Cannot
Form the Basis for a Claim Under ERISA § 502(a)(1)(B).**

To the extent Plaintiff is asserting that his employment agreement is the ERISA plan under which he is seeking to recover benefits, Plaintiff has not pled any facts from which the Court could infer that this document is an ERISA plan.  Indeed, Plaintiff merely alleges that this document is an agreement for individualized employment services, which provides for post-termination severance and benefits. (Compl. ¶¶ 13-19; *see also* O'Leary Decl., Ex. B.)  He has not, and cannot, plead that this agreement contains any of the provisions that typically establish an ERISA plan, such as an ongoing administrative scheme, funding of benefits, or identified fiduciaries.  *See Laverty v. Savoy Indus.*, 954 F. Supp. 86, 89-90 (S.D.N.Y. 1997) (holding an employment agreement did not create an ERISA plan because the agreement made it "clear that the parties' intentions were to formalize their employee-employer relationship" in the document, and the document "contains none of the provisions which normally attend that creation and maintenance of an ERISA plan" (e.g., an ongoing administrative scheme, identified fiduciaries, or arrangements for placing assets in trust)).  Any ERISA § 502(a)(1)(B) claim based on his employment agreement is therefore simply implausible and should be dismissed as a matter of law.  *See Barbagallo*, 925 F. Supp. 2d at 286 (dismissing ERISA § 502(a)(1)(B) claim based on an individual employment agreement because "[a]bsent from the record is any evidence of

4846-9021-5720. 3

a benefit plan, funding for such a plan, or an administrator for its management"); *see also Janover v. Bernan Foods*, 901 F. Supp. 695, 700 (S.D.N.Y. 1995) ("[W]here, as here, the severance benefits were merely incidental to an employment contract, ERISA does not apply."); *Gill*, 2015 U.S. Dist. LEXIS 34009, at *14 ("[T]o sustain an ERISA claim, a plaintiff must allege that he or she (1) was an employee, and (2) eligible to receive a benefit under a *qualified* plan.") (emphasis added).

> **C.  Plaintiff Cannot State a Claim Under ERISA § 502(a)(1)(B) Against Any Individual ERISA Benefit Plans Because He Has Failed to <u>Exhaust His Administrative Remedies Under Such Plans</u>.**

Moreover, in the event Plaintiff is arguing that his ERISA § 502(a)(1)(B) claims are based on a denial of benefits under specific New York City District Council of Carpenters benefit plans (e.g., the pension plan or annuity plan), this claim is doomed because Plaintiff admits that he did not exhaust his administrative remedies under these plans.  (*See* Compl. ¶ 67); *see Greifenberger v. Hartford Life Ins. Co.*, No. 03-cv-3238, 2003 U.S. Dist. LEXIS 22810, at *12 (S.D.N.Y. Dec. 16, 2003), *aff'd,* 131 Fed. App'x 756 (2d Cir. 2005) ("It is well settled that timely exhaustion of plan remedies is a prerequisite to suit in federal court and that, absent appropriate equitable considerations, court action is barred absent such exhaustion.") (quotation and citation omitted).  Indeed, Plaintiff merely alleges that "[r]ecourse . . . to the Defendant's Plan's internal claims procedure would be futile since Plaintiff was discharged for the purpose, in whole or in part, of preventing Plaintiff from obtaining his benefits under the Plan and/or no such procedures under the Plan existed."  (Compl. ¶ 67.)  This bald assertion, however, is insufficient to plead "the very high standard required for a showing of futility" (which would excuse a failure to exhaust) because "[f]ailure to exhaust

administrative remedies may be excused on the grounds of futility only where claimants make a clear and positive showing that pursuing available administrative remedies would be futile." *See Kesselman v. Rawlings Co., LLC*, 668 F. Supp. 2d 604, 609 (S.D.N.Y. 2009) ("It is well established that ERISA complaints containing bald assertions that administrative remedies have been exhausted do not withstand a 12(b)(6) motion."); *see also Greifenberger*, 2003 U.S. Dist. LEXIS 22810, at *12, 17. (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss because "[Plaintiff] cannot point to a single salient fact that meets the very high standard required for a showing of futility. Hence, she cannot be excused from the requirement that she exhaust all available administrative remedies"). Moreover, Plaintiff's claim that the claims and appeal procedures did not exist is demonstrably false, as these procedures are contained in summary plan descriptions for such benefit plans, which are available on the plans' website (as well as distributed to participants in accordance with ERISA). (*See* O'Leary Decl. ¶ 11, Exs. E-G.)

Any ERISA § 502(a)(1)(B) claim against the specific benefit plans should therefore be summarily dismissed due to Plaintiff's failure to exhaust his administrative remedies. *See Thompson v. Deutsche Bank Trust Corp*., No. 13-cv-1516, 2014 U.S. Dist. LEXIS 19386, at *12 (S.D.N.Y. Feb. 14, 2014) (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss ERISA § 502(a)(1)(B) claim because "Plaintiff has made no showing that the Court should excuse the fact that she has not yet exhausted her administrative remedies because pursuing the appeal with [Defendant] would be futile. That she has 'made a concerted effort' to resolve the matter before turning to the Court and that she may sense 'the reluctance of [Defendant]' . . . does not mean that an appeal would be futile or merit exempting Plaintiff from the ERISA exhaustion requirement"); *Niblo,* 2012 U.S.

4846-9021-5720. 3

Dist. LEXIS 189204, at *13 (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss ERISA §

502(a)(1)(B) claim because "[w]hether or not Plaintiff subjectively believed that filing an

appeal would be futile, he has failed to plead facts showing futility as a matter of law");

*Quigley v. Citigroup Supplemental Plan for Shearson Transfers*, No. 09-cv-8944, 2011

U.S. Dist. LEXIS 32750, at *20-21 (S.D.N.Y. Mar. 29, 2011), *aff'd*, 520 Fed. App'x 15 (2d

Cir. 2013) (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss plaintiff's ERISA claims

because "Plaintiffs have failed to make a clear and positive showing of futility . . . and

have not demonstrated that rejection of their administrative claims — based upon their

execution of the Release — is a foregone conclusion.") (quotations and citations

omitted).

> **D.   Plaintiff's ERISA § 502(a)(1)(B) Claim Fails as a
> Matter of Law Because Plaintiff Is Not Entitled to
> the Benefits He Seeks to Recover in His Complaint.**

Additionally, even assuming *arguendo* that Plaintiff's ERISA §

502(a)(1)(B) is not rejected for the reasons set forth above, this claim should still be

dismissed because Plaintiff has failed to plead that he was entitled to the benefits he

seeks to recover.  Indeed, as set forth in Section I *supra,* Plaintiff was not entitled to

severance or benefits in connection with a termination Without Cause under his

employment agreement.  He therefore cannot recover this same severance and benefits

under ERISA.  *See Yoon*, 2004 U.S. Dist. LEXIS 26070, at *50 ("A claim under [section

502(a)(1)(B)], in essence, is the assertion of a contractual right under a benefit plan.  In

consequence, to enforce the terms of the plan . . . the participant must first qualify for

the benefits provided in that plan.") (quotation and citation omitted) (alterations in

original).

## CONCLUSION

Based on the foregoing and the O'Leary Declaration submitted herewith, Defendant respectfully requests that this Court grant this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss each cause of action in Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Dated:      New York, New York
            October 2, 2015

Respectfully submitted,

KAUFF McGUIRE & MARGOLIS LLP

  /s/ Elizabeth O'Leary
       Elizabeth O'Leary
       Marjorie B. Kulak

950 Third Avenue,
Fourteenth Floor
New York, New York  10022
Telephone:  (212) 644-1010
Fax:  (212) 644-1936
oleary@kmm.com
kulak@kmm.com

*Attorneys for Defendant*

4846-9021-5720. 3