**Kauff McGuire & Margolis LLP**
**950 Third Avenue**
**Fourteenth Floor**
**New York, New York 10022**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH EPSTEIN,

                 Plaintiff,

         -against-

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS BENEFIT FUNDS,

                Defendant.

ECF CASE

Index No.  15 Civ. 2866 (PAC)

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

TABLE OF FREQUENTLY USED CITATIONS .................................................................. iv

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    I.     PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF
          CONTRACT. ....................................................................................................... 1

    II.    PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST
          ENRICHMENT. .................................................................................................... 4

    III.   PLAINTIFF FAILS TO STATE A CLAIM UNDER N.Y. LAB. LAW
          SECTION 193 ...................................................................................................... 5

          A.     Executives, Such as Plaintiff, Cannot Maintain Claims for Failure
                 to Pay Severance Under N.Y. Lab. Law Section 198-C. ............................ 5

          B.     Plaintiff's N.Y. Lab. Law Section 193
                 Claim Fails Because a Total Failure to
                 Pay Severance Is Not an Actionable Deduction Under Section 193. ........ 7

    IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER ERISA §
          502(a)(1)(B). ....................................................................................................... 8

CONCLUSION.................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### Cases

*Ackerman v New York Hosp. Med. Ctr. of Queens*,
    127 A.D.3d 794 (2d Dep't 2015) ............................................................8

*Aledia v. HSH Nordbank AG*,
    No. 08-cv-4342,
    2009 U.S. Dist. LEXIS 24953 (S.D.N.Y. Mar. 23, 2009) ........................7

*Berman v Tyco Intl. Ltd.*,
    No. 604049/2007,
    2015 N.Y. Misc. LEXIS 1344 (Sup. Ct., N.Y. Co. Apr. 15, 2015) .........6

*Dreyfuss v. eTelecare Global Solutions-US, Inc.*,
    No. 08-cv-1115,
    2010 U.S. Dist. LEXIS 107725 (S.D.N.Y. Sept. 30, 2010) .....................7

*Gilman v. Marsh & McLennan Cos. Inc.*,
    868 F. Supp. 2d 118 (S.D.N.Y. 2012) ...................................................10

*Goldberg v. Jacquet*,
    No. 14-cv-1581,
    2015 U.S. Dist. LEXIS 117860 (S.D.N.Y. Aug. 31, 2015 .......................8

*Gray v. Briggs*,
    No. 97-cv-6252,
    1998 U.S. Dist. LEXIS 10057 (S.D.N.Y. July 7, 1998) ........................10

*O'Grady v. BlueCrest Capital Mgmt. LLP*,
    No. 15-cv-1108,
    2015 U.S. Dist. LEXIS 77187 (S.D.N.Y. June 15, 2015) ........................7

*Pachter v. Bernard Hodes Group, Inc.*,
    10 N.Y.3d 609 (2008) ..............................................................................6

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007) .....................................................................2

*SPCP Group, LLC v. Eagle Rock Field Servs., LP*,
    No. 12-cv-3610,
    2013 U.S. Dist. LEXIS 12729 (S.D.N.Y. Jan. 30, 2013) ........................2

ii

*Walpert v. Jaffrey*,
   No. 13-cv-5006,
   2015 U.S. Dist. LEXIS 114788 (S.D.N.Y. Aug. 28, 2015) ........................................................7

**Statutes**

ERISA § 502 ...........................................................................................................1, 8, 9, 10

ERISA § 510 ...........................................................................................................................1

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 10

N.Y. Lab. Law § 190 ..............................................................................................................5, 6

N.Y. Lab. Law § 193 ............................................................................................... *passim*

N.Y. Lab. Law § 198-C ..........................................................................................................5, 6

iii

## <u>TABLE OF FREQUENTLY USED CITATIONS</u>

Citations to "Defendant" refer to the New York City District Council of Carpenters Welfare Fund (improperly named as "The New York City District Council of Carpenters Benefit Funds").

Citations to "Plaintiff" refer to plaintiff Joseph Epstein.

Citations to "Memorandum" or "Mem." refer to Defendant's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, dated October 2, 2015.

Citations to "O'Leary Declaration" or "O'Leary Decl." refer to the Declaration of Elizabeth O'Leary, executed on October 2, 2015, submitted with Defendant's Memorandum.

Citations to "Complaint" or "Compl." refer to the First Amended Complaint filed by Plaintiff dated September 9, 2015.  A copy of the Complaint is attached as Exhibit A to the O'Leary Declaration.

Citations to "Opposition" or "Opp." refer to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, dated December 4, 2015.

Citations to "Connolly Declaration" or "Connolly Decl." refer to the Declaration of Robert Connolly, executed on December 4, 2015, submitted with Plaintiff's Opposition.

Citations to "Kulak Declaration" or "Kulak Decl." refer to the Declaration of Marjorie B. Kulak, executed on January 5, 2016, submitted herewith.

Citations to "Jacobsen Declaration" or "Jacobsen Decl." refer to the declaration of David Jacobsen, executed on January 5, 2016, submitted herewith.

Citations to "Fed. R. Civ. P." refer to the Federal Rules of Civil Procedure.

Citations to "ERISA" refer to the Employee Retirement Income Security Act of 1974.

Citations to "N.Y. Lab. Law" refer to the New York Labor Law.

## PRELIMINARY STATEMENT

Contrary to Plaintiff's assertions, his Complaint fails to state a claim for breach of

contract, unjust enrichment or violations of N.Y. Labor Law Section 193 and ERISA §

502(a)(1)(B).[1]  Plaintiff, however, attempts to distract this Court from his Complaint's deficiencies

by misconstruing the relevant facts and law, and setting forth a number of convoluted and circular

arguments.  None of these strategies, however, changes the fact that his claims are meritless, and

should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## ARGUMENT

## I.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.

Defendant moved to dismiss Plaintiff's breach of contract claim because: (A) it is a

matter of public record that a federal court-appointed Review Officer investigated Plaintiff for

dishonest and unethical behavior and determined that his termination was necessary; and (B) this

finding undermined Plaintiff's employment and constituted a material breach that excused

Defendant from any obligation it may have had to pay Plaintiff severance and benefits under the

employment agreement.  (Mem. 5-7.)  Moreover, Defendant was excused from providing Plaintiff

with notice and an opportunity to cure his breach of the employment agreement (as provided in the

Cause provision in the employment agreement) because any efforts to cure would not undo the fact

that the Review Officer had made such negative findings regarding Plaintiff.  (Mem. 7-8.)

In his Opposition, Plaintiff argues that:  (A) the findings in the Review Officer's

report (cited by Defendant) should not be considered for their truth on a motion to dismiss and are

not dispositive of Plaintiff's commission of a material breach; (B) the determination of whether a

party materially breached a contract raises questions of fact and the cases cited by Defendant are

---

[1] Plaintiff abandoned his ERISA § 510 claim in his Opposition (which was deficient because *inter alia* it was barred by the statute of limitations), by stating that he "will not oppose the branch of Defendant's motion that seeks to dismiss that claim."  (Connolly Decl. ¶ 5.)

distinguishable on this basis; and (C) it would not have been fruitless for Defendant to provide

Plaintiff with notice and an opportunity to cure his breach of the employment agreement because

"Defendant could have provided [Plaintiff] with its interpretation of the limitations regarding credit

card expenditures."  (Opp. 5-10, 12-15.)  Plaintiff also asserts that the Court should not consider the

excerpt from Defendant's Compliance and Ethics Program (submitted with its Memorandum)

because the Program is not integral to his Complaint and Defendant fails to allege that it was in

effect during the time of Plaintiff's breach, or that Plaintiff was aware of his obligations under this

Program.  (Opp. 10-12.)  These arguments, however, are meritless and should be rejected.

        Indeed, contrary to Plaintiff's assertions, Defendant is not asking the Court to

dismiss the breach of contract claim based on the truth of the factual findings in the Review

Officer's report, or make any determinations of fact.  Instead, the statements in the Review

Officer's report should be considered simply based on the fact that they were made, which is a

permissible basis for considering a public document on a motion to dismiss.  (*See* Mem. 6); *see also*

*SPCP Group, LLC v. Eagle Rock Field Servs., LP*, No. 12-cv-3610, 2013 U.S. Dist. LEXIS 12729,

at *20-21 (S.D.N.Y. Jan. 30, 2013) (Crotty, J.) ("Courts routinely take judicial notice of documents

filed in other courts . . . .'If the court takes judicial notice, it does so in order to determine what

statements they contained—but again not for the truth of the matters asserted.'") (quoting *Roth v.*

*Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)) (first quotation and citation omitted).

        Moreover, regardless of whether questions of fact exist regarding the truth of the

Review Officer's findings (which they do not), it is undisputed that the Review Officer made a

finding that Plaintiff should be terminated due to his negative behavior.  (*See* Mem. 5-6.)  Thus, in

light of the Review Officer's unique position and oversight of Defendant, the mere nature of this

finding: (A) completely undermined Plaintiff's status as Executive Director; and (B) made it

fruitless for Plaintiff to attempt to cure his breach (i.e., as the Review Officer determined that

Plaintiff's behavior necessitated his termination, this was not simply a matter, as Plaintiff claims, where Defendant could "provid[e] [Plaintiff] with its interpretation of the limitations regarding credit card expenditures" to allow him to cure his breach). (*See* Mem. 7-8; Opp. 12.)[2]

Further, contrary to Plaintiff's assertions, the cases cited by Defendant in support of this argument are not distinguishable merely because they involve decisions at the summary judgment and post-trial stages of litigation, or include relevant information in a footnote. (*See* Opp. 12-15; Mem. 5, 7-8.)  These cases stand for the well-settled proposition that a party's material breach and undermining of an agreement excuses the other party's performance obligations and can render provisions requiring notice and opportunity to cure fruitless. (*See* Mem. 7-8 (citing cases).) While in many cases this determination cannot be made until discovery or trial is complete, this case is unique in light of the Review Officer's findings and oversight of Defendant.  The holdings and principles of law set forth in the cases cited by Defendant are therefore relevant and persuasive.

Additionally, this Court should reject Plaintiff's attempts to distance himself from his obligations under Defendant's Compliance and Ethics Program (an excerpt of which was submitted with Defendant's opening papers). (Opp. 10-12.)  While the Court's consideration of this document is not essential for a dismissal of Plaintiff's breach of contract claims, it provides helpful context regarding the material, dishonest and unethical nature of Plaintiff's actions. (*See* Mem. 6-7.)  Moreover, contrary to Plaintiff's claims, the Court may consider this document because it is referenced in and integral to his Complaint, as his Complaint recites the Cause provision in his employment agreement, which incorporates Defendant's policies. (*See* Mem. 6-7 n.5.)[3]

---

[2] Interestingly, Plaintiff tries to downplay the Review Officer's findings, by directing the Court to a portion of his report that reflects that Plaintiff's termination was "particularly disappointing considering the progress he had made in improving the operations of the Benefit Funds. . . ." (Opp. 11.)  This statement, however, actually supports Defendant's position because it indicates that, despite the Review Officer's generally positive opinion of Plaintiff's performance as Executive Director, the unethical nature of Plaintiff's unauthorized business expenses meant that he could no longer continue in this leadership role.

[3] Additionally, Plaintiff's claims that the Compliance and Ethics Program was not in effect during the

Thus, as Plaintiff has failed to refute any of the bases for dismissal in Defendant's Memorandum, his breach of contract claim should be dismissed as a matter of law.  (*See* Mem. 5-8.)

## II.       PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT.

Plaintiff's unjust enrichment claim should be dismissed as a matter of law because it is duplicative of his breach of contract claim.  (*See* Mem. 9-11 (citing cases).)  Plaintiff, however, claims that he should be permitted to proceed with his unjust enrichment claim because "the absence of a dispute regarding the existence or enforceability of the Agreement at issue has not been established" (i.e., he claims it has not been "established" that his employment agreement exists or is enforceable).  (Opp. 16.)  This argument, however, is analytically defective and completely meritless.  Indeed, at this stage of the litigation, the Court must accept Plaintiff's allegations as true, and Plaintiff has pled that an employment agreement exists and it is enforceable (facts that render his unjust enrichment claim duplicative).  (*See* Compl. ¶ 34.)  Plaintiff therefore cannot establish an alternative basis for recovery by claiming that these facts have not been "established."  (*See* Opp. 16.)  Moreover, unjust enrichment is not, as Plaintiff appears to claim, a cause of action that can simply be asserted in case his breach of contract claim fails.  (*See* Mem. 10-11 (citing cases).)

Further, this Court should reject Plaintiff's assertion that his unjust enrichment claim should survive this motion to dismiss because "Defendant has not agreed to stipulate" to the enforceability of the employment agreement.  (Opp. 16.)  Defendant has never argued that the employment agreement is unenforceable, a fact that Plaintiff's counsel acknowledged when he requested this stipulation from Defendant's counsel.  (Kulak Decl., Ex. 2.)  Defendant also has no

---

relevant time period, or that he was not aware of his obligations under the Program, defy credulity.  (Opp. 10-11.)  Indeed: (a) the first page of the Compliance and Ethics Program indicates that it was adopted as of April 26, 2012 (i.e., approximately three months before Plaintiff was terminated); and (b) Plaintiff was the Executive Director of the entity implementing the Program.  (O'Leary Decl., Ex. D; Compl. ¶ 2.)  Moreover, Plaintiff's involvement with the Compliance and Ethics Program and its effective date are referenced in the Review Officer's Fourth Interim Report, which is a matter of public record.  (*See* Kulak Decl., Ex. 1.)

4

obligation to provide a substantive stipulation at this juncture, and the fact that Defendant declined Plaintiff's request to do so does not resuscitate Plaintiff's meritless unjust enrichment claim.

Thus, as Plaintiff has failed to state any basis for recovery in unjust enrichment, his unjust enrichment claim should be dismissed as a matter of law.  (*See* Mem. 9-11.)

## III.     PLAINTIFF FAILS TO STATE A CLAIM UNDER N.Y. LAB. LAW SECTION 193.

Defendant moved to dismiss Plaintiff's claims for unlawful wage deductions under N.Y. Lab. Law Section 193 because: (1) the payments that Plaintiff seeks to recover under this cause of action are severance, i.e., a wage supplement under N.Y. Labor Law Section 198-C; and (2) an executive, such as Plaintiff, cannot maintain a claim for wage supplements under Section 198-C, or any other section of the N.Y. Labor Law.  (Mem. 11-12.)  Moreover, Plaintiff has alleged that he did not receive any portion of the severance allegedly due to him, and a complete failure to pay severance (as he has claimed) is not a "deduction" that is actionable under Section 193.  (Mem. 12-13.)  In his Opposition, Plaintiff goes through great contortions in an attempt to avoid these clear bases for dismissal.  (*See* Opp. 16-23.)  Each of his arguments, however, is completely meritless.

### A.     Executives, Such as Plaintiff, Cannot Maintain Claims for Failure to Pay Severance Under N.Y. Lab. Law Section 198-C.

While Plaintiff does not dispute that he was an executive earning more than $900 per week (i.e., a group of individuals excluded from N.Y. Lab. Law Section 198-C's protections), he claims that Section 198-C is irrelevant to his Section 193 wage deduction claim because "[t]he terms 'benefits or wage supplements' and 'executive'" in Section 198-C "expressly apply only to that section, not any other section of the Labor Law, such as § 193."  (Opp. 23.)  This argument, however, is nonsensical and belied by the plain text of the statute.

Indeed, Section 190[1] of the Labor Law defines "wages" as "the earnings of an employee for labor or services rendered" and explains that the definition of wages "also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article . . . ."

5

N.Y. Lab. Law § 190[1].  "[B]enefits or wage supplements" are then defined in Section 198-C,

which explains that: (1) "the term 'benefits or wage supplements' includes . . . separation or holiday

pay" and (2) "[t]his section shall not apply to any person in a bona fide executive . . . capacity

whose earnings are in excess of nine hundred dollars a week."  N.Y. Lab. Law § 198-C[2-3].  Thus,

as severance is a form of separation pay, as opposed to "earnings . . . for services rendered," it will

only be included in the definition of wages (or subject to a wage deduction under Section 193) if it

is "benefits or wage supplements" as defined in Section 198-C.  (Mem. 11-12.)[4]  However, as

Section 198-C specifically excludes executives from its protections, an executive, such as Plaintiff,

cannot recover on a claim for failure to pay (or deduction from) severance.  (*See* Mem. 11-12 (citing

cases).)  This principle is well-settled, and none of the cases cited by Plaintiff hold to the contrary.

(*See* Opp. 23.)  Indeed, in *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 615 (2008), a case

cited by Plaintiff (*see* Opp. 23), the New York Court of Appeals confirmed that Section 198-C

contains an "exclusion relating to benefits and wages supplements" with respect to executives.[5]

Thus, as Plaintiff was an executive under Section 198-C, he is statutorily precluded

from pursuing a claim for severance under the New York Labor Law, and his claim under N.Y. Lab.

Law Section 193 should be dismissed as a matter of law.  (*See* Mem. 11-12.)

---

[4] The mere fact that Plaintiff attempts to label the severance at issue in this case as wages (i.e., by claiming "'Defendant has deducted six months of wages from the amount it owes Plaintiff as a fine or penalty for the alleged misconduct that it attributes to Plaintiff'") is irrelevant.  (*See* Opp. 16-17 (quoting Compl. ¶ 32), 21.) Plaintiff's Complaint clearly provides that the amounts he seeks to recover are separation payments (i.e., severance) due in connection with a termination of employment and not wages (i.e., compensation for labor or services rendered).  (See Compl. ¶¶ 18, 45; Mem. 11.)  Indeed, Plaintiff admits in his Opposition that he was paid for the services he rendered through his separation from employment, and is merely seeking to recover the severance (which was an amount equal to six months of pay) due in connection with a termination Without Cause under his employment agreement.  (See Opp. 17.)

[5] Moreover, contrary to Plaintiff's assertion (*see* Opp. 23), the case of *Berman v Tyco Intl. Ltd.*, No. 604049/2007, 2015 N.Y. Misc. LEXIS 1344, at *21-22 (Sup. Ct., N.Y. Co. Apr. 15, 2015), directly supports Defendant's argument, as it holds that, "even assuming that total withholding, rather than specific deductions, is a violation [of Section 193]", the plaintiff's severance claim must still be dismissed because, as an executive, he is excluded under Section 198-C[3] and "[t]hus, there is no claim under Labor Law Article 6 to compel payment of his severance package."

B.     **Plaintiff's N.Y. Lab. Law Section 193**
       **Claim Fails Because a Total Failure to Pay**
       **Severance Is Not an Actionable Deduction Under Section 193.**

Plaintiff also fails to rebut the fact that his Section 193 claim should be dismissed because he is seeking to recover for a total withholding or failure to pay severance, and Section 193 only covers deductions or docking of pay.  (*See* Mem. 12-13.)

Plaintiff initially responds to this argument by claiming that he "does not allege a total withholding of wages, as Defendant did not withhold all wages due to [Plaintiff]" and indeed paid Plaintiff for his wages earned through his termination date.  (Opp. 17.)  This statement, however, reflects a misapprehension of the applicable law.  Indeed, in this context, a "total withholding" of wages does not necessarily mean (as Plaintiff claims) that the employee was not paid any wages.  Instead, it can mean that an employee, like Plaintiff here, is seeking to recover for an entire amount that was denied to him (e.g., an amount due under a contract), as opposed to having a portion of this amount docked or reduced (i.e., deducted).  *See O'Grady v. BlueCrest Capital Mgmt. LLP*, No. 15-cv-1108, 2015 U.S. Dist. LEXIS 77187, at *22 (S.D.N.Y. June 15, 2015) ("[S]ection 193 applies to amounts *deducted* from wages, not *unpaid* wages and severance, which is alleged here.") (emphasis in original) (citing cases).

Next, Plaintiff refers this Court to several cases which are irrelevant because the question of whether a total withholding can constitute a wage deduction under Section 193 was not raised or decided in such cases.  (*See* Opp. 18-19 (citing *Walpert v. Jaffrey*, No. 13-cv-5006, 2015 U.S. Dist. LEXIS 114788, at *72 (S.D.N.Y. Aug. 28, 2015) (granting default judgment on Section 193 claim for failure to pay wages, after noting that the defendant did not "assert any particular defense to Plaintiff's New York Labor Law claim"); *Dreyfuss v. eTelecare Global Solutions-US, Inc.*, No. 08-cv-1115, 2010 U.S. Dist. LEXIS 107725, at *16-26 (S.D.N.Y. Sept. 30, 2010) (analyzing failure to pay commissions claim); *Aledia v. HSH Nordbank AG*, No. 08-cv-4342, 2009

7

U.S. Dist. LEXIS 24953, at *6-7 (S.D.N.Y. Mar. 23, 2009) (analyzing whether incentive compensation was considered earned wages under the New York Labor Law); *Ackerman v New York Hosp. Med. Ctr. of Queens*, 127 A.D.3d 794, 795 (2d Dep't 2015) (plaintiffs claimed that a portion of wages and overtime were unpaid, in violation of the New York Labor Law).)

Lastly, Plaintiff claims that this Court's decision in *Goldberg v. Jacquet*, No. 14-cv-1581, 2015 U.S. Dist. LEXIS 117860, at *6-7 (S.D.N.Y. Aug. 31, 2015) (Crotty, J.), *appeal docketed*, No. 15-3104 (2d Cir. Oct. 5, 2015), which held that a total withholding was not actionable under Section 193, and the cases this Court relied upon in *Goldberg*, are "inapposite." (Opp. 19-20.) Plaintiff, however, provides no explanation for why *Goldberg* is distinguishable, other than the fact that it was decided on a motion for summary judgment as opposed to a motion to dismiss (which is irrelevant because the legal principles set forth in *Goldberg* are applicable regardless of its procedural posture). (*See* Opp. 19.) Similarly, while Plaintiff claims that the cases relied on by *Goldberg* are "inapposite," his strained analysis of these cases reflects only his misapprehension and mischaracterization of their holdings. (*See* Opp. 19-22.)[6]

Plaintiff has therefore failed to set forth any basis under which he may recover under Section 193 for Defendant's alleged failure to pay him the severance set forth in his employment agreement. As this claim is wholly deficient, it should therefore be dismissed as a matter of law. (*See* Mem. 11-13 (citing cases).)

**IV.     PLAINTIFF FAILS TO STATE A CLAIM UNDER ERISA § 502(a)(1)(B).**

This Court should also dismiss Plaintiff's ERISA § 502(a)(1)(B) claim because, contrary to Plaintiff's assertions, he has not: (A) identified the specific employee benefit plan under

---

[6] In light of this Court's familiarity with the *Goldberg* decision, and in respect of the page limits for reply briefs set forth in the Court's Individual Rules, Defendant has not analyzed in this reply Plaintiff's specific errors in his discussion of the cases cited by this Court in *Goldberg*.

which he claims he was denied benefits; or (B) adequately pled that he exhausted his administrative

remedies or was excused from doing so.  (*See* Mem. 15-20; Opp. 24-25.)[7]

Indeed, in response to Defendant's argument that this claim is impermissibly vague,

Plaintiff baldly asserts that:  (A) he "properly names the plan to be held liable" because he asserts

that "Defendant at all times relevant, and is now, an employee benefit plan[] under . . . . the

Employee Retirement Income Security Act"; (B) "[t]he benefits and annuity referenced in the

Agreement are the ERISA Plans that is the Defendant and, which the Defendant administers;" and

(c) "the [employment] Agreement is not the Plan; rather the Agreement acknowledges that the

Plaintiff is entitled to the benefits, including the annuity under the Plan."  (Opp. 24-25.)  These

tautological statements, however, shed no light on the specific employee benefit plans under which

Plaintiff seeks to recover benefits under ERISA § 502(a)(1)(B).  Moreover, the "Defendant"

referenced by Plaintiff, and named in this action, is merely the "New York City District Council of

Carpenters Benefit Funds" which is not an actual benefit plan, but merely a shorthand reference to

the various multi-employer benefit plans that provide a variety of benefits to participants and

retirees who work under collective bargaining agreements between the New York City and Vicinity

District Council of the United Brotherhood of Carpenters and Joiners of America and contributing

employers.  (Jacobsen Decl. ¶ 4.)  Plaintiff's references to "Defendant" therefore do not elucidate

the specific benefit plan under which his ERISA § 502(a)(1)(B) claims are asserted.[8]  Similarly, as

"the Plan" referenced in Plaintiff's Opposition is not defined or described anywhere in the

---

[7] This claim should also be dismissed because Plaintiff has failed to plead that he was entitled to the benefits
he seeks to recover.  (*See* Mem. 20.)

[8] Plaintiff was formally employed by the New York City District Council of Carpenters Welfare Fund, a fund
which provides *inter alia* group health, disability, life insurance, scholarship and vacation benefits for
eligible participants.  (Jacobsen Decl. ¶ 5.)  Plaintiff, however, has not alleged that he is seeking to recover
any of these benefits in this action.

9

Opposition or Plaintiff's Complaint, Plaintiff's opaque claims that he is seeking benefits from the "Plan" are impermissibly vague.  (*See* Mem. 15-16.)

Further, even if this Court finds that Plaintiff's ERISA § 502(a)(1)(B) claim is not vague, this claim should still be dismissed because Plaintiff admits that he failed to exhaust his administrative remedies under any employee benefit plan.  (Mem. 18-20; Opp. 24-25.)  Instead, Plaintiff merely asserts that, because Defendant advised him that he was terminated for misconduct, which constituted cause under his employment agreement, any internal appeal of the denial of his benefits would have been futile.  (Opp. 25.)  Plaintiff's subjective belief, however, regarding the possible futility of such an appeal is insufficient to plead futility.  (*See* Mem. 19-20 (citing cases).)

Moreover, the cases cited by Plaintiff in support of this argument of futility are distinguishable because *inter alia* the plaintiffs in those cases asserted specific allegations of bad faith by the defendants, facts which are not present in this case.  (*See* Opp. 25 (citing *Gilman v. Marsh & McLennan Cos. Inc.*, 868 F. Supp. 2d 118, 134 (S.D.N.Y. 2012) and *Gray v. Briggs*, No. 97-cv-6252, 1998 U.S. Dist. LEXIS 10057, at *19 (S.D.N.Y. July 7, 1998)).)  Indeed, in this case, Plaintiff merely disagrees with his termination, and claims that he was terminated Without Cause, while Defendant claims he was terminated for Cause.  (*See* Compl. ¶¶ 23-32.)  Plaintiff has therefore failed to plead a "clear and positive showing of futility" (as required to excuse his failure to exhaust his administrative remedies), and his ERISA § 502(a)(1)(B) claim should be dismissed as a matter of law.  (*See* Mem. 19-20 (citing cases).)

## CONCLUSION

Based on the foregoing, Defendant's opening papers, and the Jacobsen and Kulak Declarations submitted herewith, Defendant respectfully requests that this Court grant this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss each cause of action in Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

10

Dated:       New York, New York
             January 5, 2016

                                    Respectfully submitted,

                                    KAUFF McGUIRE & MARGOLIS LLP


                                    _____/s/ Elizabeth O'Leary_____
                                       Elizabeth O'Leary
                                       Marjorie B. Kulak

                                    950 Third Avenue,
                                    Fourteenth Floor
                                    New York, New York  10022
                                    Telephone:  (212) 644-1010
                                    Fax:  (212) 644-1936
                                    oleary@kmm.com
                                    kulak@kmm.com

                                    *Attorneys for Defendant*

4820-7930-5260.2