UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JOSEPH EPSTEIN,

                *Plaintiff*,

    -*against*-

THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS BENEFIT
FUNDS,

                *Defendant*.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-16

15 Civ. 2866 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Joseph Epstein was employed as an executive director of Defendant New York City District Council of Carpenters Benefit Funds from July 2011 until his termination in July 2012. He alleges that he was terminated without cause and seeks unpaid wages and benefits. He claims (i) breach of contract; (ii) unjust enrichment; (iii) improper wage deductions, in violation of the New York Labor Law § 193; (iv) denial of benefits, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a)(1); and (v) denial of benefits, in violation of ERISA § 510.

    Defendant moves to dismiss all claims, pursuant to Fed. R. Civ. P. 12(b)(6). The Court DENIES Defendant's motion to dismiss the breach of contract claim; and GRANTS the motion to dismiss all remaining claims.

## BACKGROUND

    As alleged in the First Amended Complaint ("FAC"), Defendant hired Plaintiff as an executive director in July 2011, pursuant to a two-year employment agreement. FAC ¶ 13.

1

Plaintiff's initial annual salary was $175,000, and it was raised to $250,000 in October 2011. *Id.* ¶¶ 14, 20. The employment agreement contains the following "Termination for Cause" provision:

> Funds may terminate Employee's employment hereunder for "Cause" only upon: (a) Employee's conviction of a felony; (b) Employee's participation in a fraud or act of dishonesty against the Funds that adversely affects the Funds in a material way; or (c) Employee's willful breach of the Funds' policies, procedures, requirements or obligations that adversely affects the Funds in a material way; or (d) Employee's failure or refusal to perform the responsibilities of the Executive Director; provided, however, that the conduct described in clauses (b), (c), and (d) shall constitute "Cause" only if such action or conduct continues after the Funds have provided Employee with written notice thereof and a reasonable opportunity of not less than thirty (30) days to cure such action or conduct.

*Id.* ¶ 16. Termination for any other reason is considered "Without Cause," and entitles Plaintiff to either six months of wages or remaining wages due under the agreement, as well as six months of benefits. *Id.* ¶¶ 17-19.

On or about July 22, 2012, Defendant terminated Plaintiff for misconduct. *Id.* ¶ 22. Plaintiff was not provided written notice of any conduct that would give rise to "Termination for Cause" and, as such, Plaintiff contends that he was terminated without cause. *Id.* ¶¶ 23, 24. And even if he was terminated for cause, Plaintiff alleges that he was not given the requisite thirty days to cure any misconduct. *Id.* ¶ 25. He seeks "the wages, compensation and/or benefits and/or the annuity provided for in the Agreement." *Id.* ¶ 27.

Defendant moves to dismiss the FAC, pursuant to Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must have sufficient "factual plausibility" to allow the court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual

allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In considering a Rule 12(b)(6) motion, the court "is normally required to look only to the allegations on the face of the complaint." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). In certain circumstances, however, the court may permissibly consider documents other than the complaint in ruling on the motion. "Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered." *Id.* In addition, "even if not attached or incorporated by reference, a document upon which [the complaint] *solely* relies and which is *integral to the complaint* may be considered by the court in ruling on such a motion." *Id.* (internal quotation marks omitted). "[W]here public records that are integral to a [] complaint are not attached to it, the court . . . is permitted to take judicial notice of those records." *Id.* But the court may take judicial notice only "to determine *what* statements [the public records] contained"; the court may not take judicial notice "*for the truth of the matters asserted.*" *Id.* At bottom, "a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact." *Id.*

## II.   Claim 1: Breach of Contract

Defendant moves to dismiss the breach of contract claim on grounds that Plaintiff was terminated for cause. In support of its position, Defendant attaches two pages of a forty-three-page document entitled "The Fifth Interim Report of the Review Officer." Decl. of Elizabeth O'Leary, Dkt. 21, Ex. 3. The report was prepared by Dennis M. Walsh, a court-appointed review officer, and submitted on December 3, 2012 in the much larger litigation *United States v. Dist. Council of NYC and Vicinity of the United Bhd. of Carpenters and Joiners of Am.*, 90 cv

3

5722 (RMB).[1] Dkt. 21, Ex. 3. The excerpt refers to an unnamed "Executive Director of the Benefit Funds," which all agree refers to Plaintiff. *Id.* at 2. It reads:

> In July 2012, the Board of Trustees of the Benefit Funds terminated the Executive Director of the Funds after investigations conducted by my office and the Board revealed that he had repeatedly used a credit card assigned to him for business use for inappropriate and unauthorized expenditures, mostly on food and alcohol (consumed with Funds' employees during business hours). I also investigated his business transactions with a vendor (a printing company) and the results of the investigation were reported to law enforcement. My investigation focused on the terms of printing contracts between the vendor and the Funds and the acquisition of furniture for the Executive Director's office through the printing company for a price greater than fair market value. The necessity of his dismissal is particularly disappointing considering the progress he had made in improving the operations of the Benefit Funds (as documented in my previous report). The sum total of the credit card expenditures did not materially harm the funds (the amount being around $2,000).

*Id.* Defendant argues that the report and its findings are matters of public record of which the Court may take judicial notice and consider as part of the motion to dismiss. Def. Mem., Dkt. 20 at 6. Defendant contends that the report's findings demonstrate that Plaintiff was terminated for cause both because he was no longer able "to perform the responsibilities of the Executive Director" (subsection (d) in the "Termination for Cause" provision) and because he willfully breached the Funds' "policies, procedures, requirements or obligations" (subsection (c)). *Id.* Further, Defendant asserts that the report's findings demonstrate that Plaintiff's conduct was so egregious as to excuse Defendant from complying with the "Termination for Cause" provision's 30-day notice-and-cure requirement. *Id.*

Defendant misconstrues the Court's role in ruling on a Rule 12(b)(6) motion; it is not to

---

[1] Defendant offers no other information as to the genesis of this report. So far as the Court can glean, Walsh was appointed in June 2010 pursuant to a decades-old consent decree between the United States Attorney's Office and the Carpenters Union New York City District Council and its Benefit Funds in litigation originally arising from an investigation into racketeering activities by union members and officers. *See* Press Release, *Manhattan Federal Court Appoints Officer to Oversee Carpenters Union and its Benefit Funds* (June 3, 2010), available at https://www.justice.gov/archive/usao/nys/pressreleases/June10/carpentersunionreviewofficerpr.pdf. The consent decree requires long-term monitoring of the union and its benefit funds by a court-appointed officer. *Id.*

4

make factual determinations. As an initial matter, the Court will not take judicial notice of a document submitted without any context as to how and why it was created, and without most of the document itself. And even if taking judicial notice of *what* the report says is appropriate, Defendant necessarily asks the Court to take notice of the report for the truth of the matter asserted in order to conclude that the findings demonstrate a for-cause termination. The Court cannot find such facts (which Plaintiff strenuously contests) on a Rule 12(b)(6) motion.

Further, the findings in the report do not even necessarily support Defendant's conclusion. In order to satisfy Termination for Cause subsections (c) or (d), Plaintiff's actions must have "adversely affect[ed] the Funds in a material way." FAC ¶ 16. But the report concludes that the fraudulent credit card purchases "did not materially harm the funds." Dkt. 21, Ex. 3 at 2. At a minimum, then, more fact-finding is required to determine materiality, an inquiry that is particularly unsuitable to resolution on a motion to dismiss. *Orlander v. Staples, Inc.*, 802 F.3d 289, 298 (2d Cir. 2015).

The motion to dismiss the breach of contract claim is denied.

### III. Claim 2: Unjust Enrichment

"[I]t is black-letter law in New York that recovery on an equitable theory of unjust enrichment is not permitted where the matter at issue is covered by a valid, enforceable contract." *Coty, Inc. v. L'Oreal S.A.*, 320 Fed. Appx. 5, 6 (2d Cir. 2009). There is no dispute that there is a valid, enforceable employment agreement. Rather, the dispute is whether Plaintiff was terminated for cause or without cause; and the employment agreement addresses both outcomes. Accordingly, the unjust enrichment claim is entirely duplicative of the breach of contract claim.

The motion to dismiss the unjust enrichment claim is granted.

## IV. Claim 3: Unlawful Wage Deductions

Plaintiff claims that Defendant's failure to pay him six months of wages owed due to his termination without cause constitutes an unlawful "deduction from the wages of an employee," in violation of New York Labor Law § 193. FAC ¶¶ 46-49. Plaintiff's claim is most accurately characterized as seeking unpaid severance payments, and the New York Labor Law expressly excludes "any person in a bona fide executive, administrative, or professional capacity whose earnings are in excess of six hundred dollars a week" from seeking such payments. *Monagle v. Scholastic, Inc.*, 06 cv 14342 (GEL), 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007) (quoting N.Y.L.L. § 198-c(3)). Plaintiff, a former executive director, does not dispute that he was a "bona fide executive."

The motion to dismiss the wage deductions claim is granted.

## V. Claim 4: Recovery of Plan Benefits, ERISA § 502(a)(1)

Under ERISA § 502(a)(1)(B), "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Among other requirements, such claim can only be maintained upon timely exhaustion of all administrative remedies available under the applicable benefits plan. *Greifenberger v. Hartford Life Ins. Co.*, No. 03 cv 3238 (SAS), 2003 WL 22990093, at * 4 (S.D.N.Y. Dec. 18, 2003). "Failure to exhaust remedies may be excused on the grounds of futility only where claimants make a *clear and positive showing* that pursuing available administrative remedies would be futile." *Id.* (internal quotation marks omitted).

Plaintiff concedes that he did not exhaust administrative remedies, but argues that he adequately pleads futility by alleging that Defendant "arbitrarily and capriciously breached the obligations set forth in the Plan." FAC ¶ 56. Not so. To survive a motion to dismiss, Plaintiff

6

must support this allegation with more than just conclusory statements. *See Greifenberger*, 2003 WL 22990093, at *5 ("[Plaintiff] cannot point to a single salient fact that meet the very high standard required for a showing of futility. Hence, she cannot be excused from the requirement that she exhaust all available administrative remedies.").

The motion to dismiss the ERISA § 502(a)(1) claim is granted.

## VI. Claim 5: Recovery of Plan Benefits, ERISA § 510

Plaintiff claims a violation of ERISA § 510, which reads: "It shall be unlawful for any person to discharge . . . a participant or beneficiary for exercising any right to which he is entitled under the provision of an employee benefit plan." 29 U.S.C. § 1140. Defendant moves to dismiss on grounds that the claim is subject to a two-year limitations period and Plaintiff sued more than two years after his termination. *See Sandberg v. KPMG Peat Marwick, LLP*, 111 F.3d 331, 336 (2d Cir. 1997). Plaintiff agrees that the claim is time-barred. Decl. of Robert Connolly, Dkt. 26 ¶ 5.

The motion to dismiss the ERISA § 510 claim is granted.

## CONCLUSION

The Court DENIES Defendant's motion to dismiss the breach of contract claim; and GRANTS Defendant's motion to dismiss all other claims. The parties are directed to file a joint proposed civil case management plan by May 16, 2016. The Clerk is directed to terminate the motion at Docket 19.

Dated: New York, New York  
April 28, 2016

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

7