# THE CONNOLLY LAW FIRM, P.C.

170 OLD COUNTRY ROAD, SUITE 200
MINEOLA, NEW YORK 11501
516 746-5599
rconnolly@beereadylaw.com

October 25, 2016

Hon. Paul A. Crotty,
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Epstein v. The New York City District Council of Carpenters Benefits Funds
Case No.: 15-cv-02866 (PAC)

Dear Hon. Judge Crotty:

This office represents the Plaintiff, Joseph Epstein, in the above referenced action. I write today to raise a discovery disputes with the Court and request a pre-motion discovery conference regarding same, pursuant to Local Civil Rule 37.2 and Your Honor's "Individual Practices." I have engaged in a telephonic conference with Defendant's counsel in a good faith effort to resolve the disputes; however, we were unable to reach a resolution.

First, the Plaintiff respectfully submits that he is entitled to relief pursuant to Rule 26(c) of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."), for a protective order, as follows: (i) forbidding the depositions of the non-party witnesses Gina Toner ("Toner") and Clover Printing ("Clover"); and (ii) forbidding the Defendant's inquiry into the Plaintiff's relationship with Ms. Toner and/or Clover, and/or any other conduct for which Defendant failed to provide Plaintiff with notice and an opportunity to cure, pursuant to the terms of his employment agreement with the Defendant ("Agreement"). Second, the subpoena served by Defendant upon Ms. Toner should be deemed null and void because the stated location to appear for the deposition exceeds the 100 mile jurisdictional limit pursuant to Fed. R. Civ. P., Rule 45(c). Third, Plaintiff respectfully submits that he is entitled to relief pursuant to Rule 37(a) to compel Defendant to provide discovery responses that comply with Rule 34(b) (2)(E)(i), which requires that "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." See Subpoenas, annexed hereto as **Exhibit A**, and Def's Resp., annexed hereto as **Exhibit B**, respectively.

By way of background, Plaintiff's sole remaining claim in this action alleges a breach of the Agreement. Plaintiff claims that Defendant failed to pay him the severance to which he was entitled, as he was not terminated "for cause." The Agreement, provides the terms and conditions of the employment at issue, including, "termination for cause" and "without cause", as well as compensation, which provides for six months of severance pay and benefits if Plaintiff is terminated "without cause." The Section of the Agreement ("6.1"), covering "termination for cause," provides, in pertinent part, as follows:

---

*Handwritten annotations by the Court:*

There is no need for a pre-motion conference. The Court will rule on the parties' letters of October 25 and 26, 2016.

(1) The request for a protective order is DENIED, and the defendant has an inquiry concerning Plaintiff's relationship with Toner and Clover.

(2) Plaintiff has no standing to object to the subpoenas served, but the deposits shall take place within 100 miles of NYSDCt.

(3) The defendant's document production is complete. It need not reorganize its production to suit plaintiff's demand.

SO ORDERED
[signed] Paul A. Crotty USDJ 10-31-16

*Hon. Paul A. Crotty*
*October 25, 2016, Page 2*

> Funds [Defendant] may terminate Employee's [Plaintiff] employment hereunder *for "Cause" only upon*: (a) Employee's conviction of a felony; (b) *Employee's participation in a <u>fraud or act of dishonesty</u> against the Funds that <u>adversely affects the Funds</u> in a <u>material way</u>*; or (c) *Employee's <u>willful breach</u> of the Funds' policies, procedures, requirements or obligations that <u>adversely affects the Funds</u> in a <u>material way</u>*; or (d) *Employee's failure or refusal to perform the responsibilities of the Executive Director*; provided, *<u>however</u>, that the <u>conduct described in clauses (b), (c), and (d)</u> shall constitute "Cause" <u>only if</u> such action or conduct continues after the Funds have provided Employee with written notice thereof and a reasonable opportunity of not less than <u>thirty (30) days to cure such action or conduct</u>*.

Agreement, Sec. 6.1 (emphasis added).  The Agreement, Section 6.2, provides that "[i]n the event the Funds terminate Employee's employment hereunder for *any reason other than those stated in Section 6.1*, such termination *shall* be deemed "*<u>Without Cause</u>*." *See* Agreement (Doc. 21-2)(emphasis added).

By letter dated July 27, 2012, Mr. Epstein was terminated by Defendant effective July 22, 2012, purportedly "for cause" ("Termination Letter").  However, Defendant neither sent Mr. Epstein, any written notice that he engaged in any "*<u>conduct described in clauses (b), (c), and (d)</u>*" of Section 6.1 of the Agreement, nor provided an opportunity to cure same, as required to constitute a "for cause" termination.  Defendant's document production of nearly three thousand (3,000) pages fails to include any termination "for cause" notice, in response for Plaintiff's request for same; instead, Defendant's response refers only to the Termination Letter.

Based upon the record of this case after document discovery has been completed, it is clear that any conduct between Mr. Epstein and Ms. Toner and/or Clover is neither material, nor relevant to the Defendant's defense that Mr. Epstein was terminated "for cause" and further, cannot be reasonably calculated to lead to the discovery of admissible evidence.  Indeed, by the plain and unambiguous language of the Agreement, any evidence to support Defendant's termination "for cause" defense must have been in the Defendant's possession at the time that it provided the required "notice" under the Agreement, which must have been at least thirty (30) days prior to the termination date - - no such notice has been produced in discovery.

Defendant cannot cobble together support for a termination "for cause" defense based upon evidence acquired after Plaintiff was terminated, as it would be impossible for the Defendant to have provided him "*with written notice thereof and a reasonable opportunity of not less than <u>thirty (30) days to cure such action or conduct</u>*."  This includes any after-acquired evidence obtained from either Ms. Toner or Clover Printing.  Further, Defendant cannot claim - - as it did in support of its motion to dismiss - - that "it would have been fruitless [or futile] for Defendant to provide Plaintiff notice and an opportunity to cure his misconduct."  This argument ignores the plain language of the Agreement, which specifically contemplates notice and cure for the very type of misconduct and/or nonperformance alleged by the Funds, which are all addressed in "*<u>in clauses (b), (c), and (d)</u>*" of the Agreement.

*Hon. Paul A. Crotty*
*October 25, 2016, Page 3*

The general rule is that a party asserting nonperformance must afford a defaulting party any contractually-secured opportunity to cure. *Karabu v. Pension Benefit Guaranty Corp.*, 1997 WL 759462, at *8 (S.D.N.Y. 1997)(citing *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 518 (2d Cir.1989). Further, a notice and cure provision cannot be disregarded based upon futility, where the very same conduct used to support the futility argument also triggers the notice and cure provision under the agreement. *See Needham v. Candie's, Inc.*, 65 Fed.Appx. 339, 340, 2003 WL 1973372, at *1 (2d Cir. 2003) (finding the opportunity-to-cure clause could not be disregarded where it "was in short 'the very situation to which the cure provision was intended to apply'") (quoting *Rebh v. Lake George Ventures, Inc.*, 223 A.D.2d 986 (3d Dept. 1996) (holding employer had materially breached contract by failing to give employee opportunity to cure before termination for alleged substandard performance, finding that alleged "substandard" performance was "the very situation to which the cure provision was intended to apply").

Based upon the record of this case, any conduct between Plaintiff and Ms. Toner and/or Clover is not material and/or relevant to any non-frivolous defense in this action and further, cannot be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the discovery at issue is frivolous and therefore, is pursued only to harass, cause unnecessary delay, and to needlessly increase the cost of litigation; this would be unreasonable, unduly burdensome, and expensive, considering the needs of the defense in the case, the prior discovery in the case, the amount in controversy, and the importance of the discovery sought. Further, the subpoena issued to Ms. Toner should be deemed a nullity, as it was served where she resides in Saratoga Springs, New York, approximately One Hundred Eighty ("180") miles from the stated location for appearance at the Defendant's attorneys' offices in New York City; furthermore, Ms. Toner is neither employed, nor regularly transacts business in the state of New York. *See Smith v. BIC Corp.*, 121 F.R.D. 235 (E.D.Pa. 1988).

Next, in response to Plaintiff's request for the production, Defendant provided Two Thousand Eight Hundred and Twenty-Nine ("2829") pages of various disparate documents in PDF format, each with a bates stamp number, on several CD ROM discs, including emails from numerous individuals, various company policies and procedures, notices, invoices, and reports. However, none of the Defendant's written responses refer to any of the bates stamped number documents. Instead, Defendant claims that the documents have been produced as they were kept in the usual course of business, but provides no explanation to support such a clearly erroneous assertion. Plaintiff should be required to serve amended discovery responses identifying by bates number which documents are responsive to each request. *Hannah v. Wal-Mart Stores, Inc.*, 2014 WL 2515221, at *2 (D.Conn. 2014).

Based upon the foregoing, it is respectfully requested that the relief sought by the Defendant be denied in its entirety.

                                                             Respectfully submitted,

                                                                    /s/
                                                            Robert Connolly (RC3986)